## TALLY VS KIRK ET AL.

Opinion rendered November 24, 1906.

(97 S. W. Rep. 1027).

1. *United States and Commissioners' Courts—Original Jurisdiction.*

Sec. 4 of the Act of Congress approved March 1, 1895 (28 Stats. 695) provides that the original jurisdiction of United Commissioners in Indian Territory as justices of the peace in civil cases shall, in all class of cases where jurisdiction by this Act is conferred upon the United States Courts in said Territory, be exclusive where the amount or value of the demand or of the property or thing in controversy does not exceed one hundred dollars. Sec. 4026 Mansf. Dig. (Ind. Ter. St. 1899, Sec. 2706), provides: Justices of the peace shall severally have original jurisdiction: First, Exclusive of the Circuit Court, in all matters of contract where the amoun

in controversy does not exceed the sum of one hundred dollars, excluding interest;—*Held;* The United States Court did not have original jurisdiction herein same being a suit for use and occupation claiming judgment for $100 and costs.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice Thos. C. Humphry, March 1, 1906.

Action by J. L. Kirk and others against J. F. Tally. From a judgment for plaintiffs, and order overruling defendant's motion for a new trial, defendant appeals. Action dismissed.

On November 8, 1904, the plaintiffs (appellees) filed their complaint and affidavit for attachment against defendant (appellant) and allege that defendant is the tenant of plaintiffs; that defendant in January, 1904, entered into a rental contract with one J. S. Atkins for the rental of a certain tract of land; that said contract is in writing and in possession of defendant, and he is notified to produce same; that on the———day of ———, 1904, said Atkins transferred all his rights and interest in said place to one Cowan to be used and controlled by John Cowan; that on the ——— day of ———, 1904, said John Cowan transferred the premises, together with the improvements situate thereon, over to plaintiff, Margaret James; that she, on the ——— day of March, 1904, filed upon said lands as part of her allotment, and after said filing leased said lands to plaintiff J. L. Kirk, and under said contract Kirk has the right of possession to said land and the rents arising from same; that, under the contract between Atkins and Tally, Tally was to pay Atkins $100 on November 1, 1904; that Tally had notice of the filing of Margaret James and the lease by her to Kirk; that $100 is due plaintiffs for rent, but no part of the same has been paid by defendant; that the defendant has

raised crops of cotton and corn, and is disposing of same, and refuses to pay plaintiffs rent after due demand. Plaintiffs ask for attachment to enforce landlord's lien, and for judgment for $100, and to sustain attachment. On February 27, 1905, defendant files answer and denies he is tenant of plaintiffs; admits he rented the land from Atkins, who had control of same, and gave his note for rent of same for the year 1904. When same became due Atkins sued defendant before United States commissioner and recovered judgment for same, and said judgment has been paid by defendant, and said note is on file with the United States commissioner; denies Atkins transferred improvements on land to John Cowan or to any one else; denies same was transferred to plaintiff James; denies plaintiff James filed on land or that she has any right to said land or the rents thereof; denies that she leased same to plaintiff Kirk; denies that Kirk has any interest in said land; denies that $100, or any other sum, is due plaintiffs from defendant; denies he ever recognized plaintiffs as his landlords, and had no rental contract with them; asks that attachment be dissolved, and for $25 for damages and for costs. On March 10, 1905, plaintiffs file amended complaint, and state that defendant is indebted to plaintiffs $100 for the use and occupation of certain premises which defendant occupied for the year 1904 under an implied agreement by defendant to pay for same; that plaintiff James is the owner in fee, and plaintiff Kirk has a leasehold interest in said land; that demand has been made and defendant refuses to pay, and $100 is a reasonable rental value for 1904; and asks judgment for $100 and costs. On November 21, 1905, defendant files motion to strike out name of Margaret James as one of the plaintiffs, as she has no interest; and on same day defendant files demurrer to amended complaint. On November 22, 1905, motion to strike out was overruled, and on same day defendant files answer to amended complaint, and denies that there is due from him $100 for use and occupation; denies each

and every allegation of plaintiff except that he rented land from Atkins and paid him the rent; that Atkins was in possession and claimed title to said land; and asks to be dismissed with costs. On March 1, 1906, defendant's demurrer was overruled and cause tried before a jury, who returned the following verdict: "We, the jury, find the issues for plaintiffs and assess his damages at $100.00. P. S. Briggs, Foreman." On March 3, 1906, defendant filed motion for new trial, and on same day said motion was overruled by the court, to which defendant excepted, and by writ of error brought the case to this court.

*Wilkins & McIntosh*, for appellant.

*Claude C. Hatchett*, for appellees.

TOWNSEND, J. (after stating the facts). The appellant (defendant) has filed two assignments of error, as follows: "(1) Because the court erred in instructing the jury as follows: 'Gentlemen of the jury, you are instructed to bring in a verdict for rents for $100. The law is, gentlemen, it is a crime for people to rent land that they don't own. For instance the court decided that it is unlawful for any party to receive for his own use or any one else any rent on land belonging to one of said Tribe or Nation, and so on. ' The land belonged to Margaret James and nobody has a right to go out and rent Margaret James' land to any one else. Whoever occupied it and rented it was responsible for the rent. The allotment was Margaret James' and no white man had a right to rent out an Indian's land and collect rent for it. This has been done many times but every time it comes before me he will get no assistance from the court,' to which action of the court in so instructing the jury, the defendant then and there, in open court and in the presence of the jury, excepted and still excepts. (2) Be-

cause the court erred in overruling defendant's motion for a
new trial, to which action of the court the defendant then and
there duly excepted and still excepts." Appellant discusses
said assignments in his brief, which was answered in a brief
by appellee (plaintiff), then appellant filed an amended brief'
and in said amended brief appellant raises the question of
jurisdiction, which in our judgment is conclusive of this case.

In the original complaint appellee (plaintiff) sued for
the sum of $100 for rent, and asked an attachment for said
amount to secure an alleged landlord's lien. In his amended
complaint he sues for $100 for the use and occupation of certain
premises under an implied agreement by defendant to pay
for same. After the evidence had been presented to the jury
the court directed that they should return a verdict for $100
in favor of appellee (plaintiff) which direction of the court was
complied with in the verdict of the jury. This suit was brought
originally in the District Court for the said sum of $100, and
the question presented for our consideration is, did the District
Court have original jurisdiction of this action? Under section
4 of the act of Congress approved March 1, 1895, entitled,
"An act to provide for the appointment of additional judges
of the United States Court in the Indian Territory, and for
other purposes," it is provided: "The original jurisdiction of
such commissioners as justices of the peace in civil cases shall,
in all those classes of cases where jurisdiction is by this act
conferred upon the United States Court in the Indian Territory,
be exclusive where the amount or value of the demand or of
the property or thing in controversy does not exceed one hun-
dred dollars." Chapter 145, 28 Stat. 696. Mansfield's Dig.
§ 4026 (Ind. Ter. Ann. St. 1899, § 2706), provides: "Justices
of the peace shall severally have original jurisdiction in the
following matters: First. Exclusive of the Circuit Court,
in all matters of contract where the amount in controversy

does not exceed the sum of one hundred dollars, excluding interest; and concurrent jurisdiction in matters of contract, where the amount in controversy does not exceed the sum of three hundred dollars, exclusive of interest."

We are of the opinion that the District Court did not have original jurisdiction to try this case, and hence this court has no jurisdiction, and the case is dismissed.

GILL, C. J., and CLAYTON and LAWRENCE, JJ., concur.